1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WARREN LEE WEISMAN, Pro Se,

Plaintiff,

v.

RONALD LEE WYDEN, U.S. Senator
of Oregon, et al.,

Defendants.

CASE NO. 2:25-cv-01966-JNW

ORDER TO SHOW CAUSE

## INTRODUCTION

The Court raises this matter of its own accord. Pro se Plaintiff Warren Lee

Weisman pursues this action against Defendants in forma pauperis ("IFP"). After

reviewing the complaint, Dkt. No. 6, under 28 U.S.C. § 1915(e)(2)(B), the Court

finds that Weisman fails to state a claim on which relief may be granted. Rather

than dismissing this case outright, the Court grants Weisman leave to amend the

complaint within 14 days of this order.

ORDER TO SHOW CAUSE - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## 2.    DISCUSSION

### 1.1    Legal standard.

When a plaintiff proceeds IFP, Section 1915 requires the Court to dismiss the action if the Court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive Section 1915 review, a complaint must meet the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

At the same time, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Therefore, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without

ORDER TO SHOW CAUSE - 2

leave to amend unless 'it is absolutely clear that the deficiencies of the complaint

could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir.

2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker*

*v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam))). But even so, the

duties imposed on the Court by Section 1915 are unwavering, and when an IFP

plaintiff fails to state a claim, the action must be dismissed.

**1.2    Weisman's complaint fails to state a plausible claim for relief.**

Weisman's complaint names several Defendants but fails to allege unlawful

conduct attributable to any Defendant. He alleges that in 2007, he moved to Oregon

to start a renewable energy company "based on anaerobic digestion of organic waste

into flammable biogas." Dkt. No. 6 at 3. He asserts that he "proposed a biogas bus

demonstration project . . . [but it] was summarily denied by Defendant Susie

Smith,[1] a member of the Lane County Metropolitan Wastewater Management

Commission. *Id*. Weisman alleges that Smith's husband, Defendant Alan Zelenka,

consults for a company that proposed a project similar to his the following year. He

states that complained to Defendant Rick Wallace of the Oregon Department of

Energy, and Wallace did not "address[] the problem of copyright infringement." *Id*.

at 4.

Separately, Weisman alleges that Defendant Ethan Nelson of the City of

Eugene inspected his prototype, "yet refused to assist securing grant financing for

---

[1] The Court has modified citations to the Complaint, which capitalizes Defendants' names throughout.

ORDER TO SHOW CAUSE - 3

commercialization . . . [w]hile helping to secure millions in foreign financing for the

ill-conceived Junction City Biomethane Plant Plaintiff advised against, planned

by . . . biogas company owner [Defendant] Dean Foor." *Id.* Weisman states that

while he has been unable to secure additional funding from the State of Oregon for

his project, "JC Biomethane, Kennedy Jenks, and Oregon solar panel

manufacturers including now-failed First Solar, continue to receive hundreds of

millions in public money . . . from Lane County and State of Oregon, including

federal subsidies [that his] company did not require through the offices of U.S.

Senator Ronald Wyden and U.S. Representative Peter Defazio." *Id.* at 5.

Weisman asserts, generally, that Defendants conspired with prosecutors to

arrest and detain him for five years as retaliation for him exercising his First

Amendment rights. *Id.* at 2. Weisman does not state why he was arrested or what

he was charged with. *See generally id.* And—save for a vague reference to copyright

infringement—his prayer for relief does not clarify what his causes of action are.

Based on the complaint's factual allegations, the Court cannot draw a "reasonable

inference that the defendant[s] [are] liable for . . . misconduct[.]" *See Iqbal*, 556 U.S.

at 678.

Finally, Weisman's claims against U.S. Senator Ronald Wyden and U.S.

Representative Peter Defazio appear barred by the doctrine of sovereign immunity.

Generally, plaintiffs cannot sue agents and officers of the United States unless

Congress has waived the sovereign immunity of the United States. *Munns v. Kerry*,

782 F.3d 402, 412 (9th Cir. 2015). "[A]ny waiver must be unequivocally expressed in

statutory text and will not be implied." *Id.* (citation modified). If the plaintiff does

ORDER TO SHOW CAUSE - 4

not establish waiver, then "courts have no subject matter jurisdiction over cases against the [federal] government." *Id.* (alteration in original) ("We conclude that the plaintiffs have not alleged a waiver of sovereign immunity that would confer subject matter jurisdiction on the district court."). Weisman has failed to state what cause (or causes) of action he pursues against Wyden and Defazio, nor has he alleged a source of waiver. Accordingly, sovereign immunity appears to bar any claim against these Defendants.

### 3.    CONCLUSION

For these reasons, the Court FINDS that the operative complaint, Dkt. No. 6, fails to state a claim on which relief may be granted. But rather than dismissing the case outright, the Court GRANTS Weisman leave to amend the complaint and ORDERS Weisman, within FOURTEEN (14) days of this Order, to submit an amended complaint that states a claim on which relief may be granted. Failure to do so will result in dismissal of this action under 28 U.S.C. § 1915(e)(2)(B).

The Clerk is directed to place this Order to Show Cause on the Court's calendar for 14 days from the date of this Order.

It is so ORDERED.

Dated this 3rd day of November, 2025.

Jamal N. Whitehead
United States District Judge