UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WARREN LEE WEISMAN, Pro Se, | CASE NO. 2:25-cv-01966-JNW |
| Plaintiff, | ORDER |
| v. | |
| RONALD LEE WYDEN, U.S. Senator of Oregon, et al., | |
| Defendants. | |

On November 3, 2025, the Court ordered Plaintiff Warren Weisman to show cause why his complaint should not be dismissed for failure to state a claim under 28 U.S.C. § 1915. Plaintiff submitted two amended complaints and asked that the Court construe them together. The Court typically would not allow this but given Weisman's pro se status and the stage of the case, the Court considers both the first and second amended complaint. Even so, Weisman has failed to cure the deficiencies in his first complaint, as discussed below.

The complaints contain limited allegations related to a copyright infringement claim. But the allegations also make clear that Weisman knew about the alleged infringement in 2008. Thus, as the second amended complaint expressly

ORDER - 1

acknowledges, the three-year statute of limitations has passed. *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994); Dkt. No. 13 at 4. Accordingly, the claim must be dismissed.

The amended complaints also reference the Sherman Act, suggesting that Weisman pursues an antitrust claim. But the facts alleged do not support the prongs of any antitrust claim. To assert an antitrust claim under the Sherman Act, the plaintiff must show that they suffered an "antitrust injury." *See Somers v. Apple*, Inc., 729 F.3d 953, 963 (9th Cir. 2013). "'Antitrust injury' means 'injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful.'" *Id.* (quoting *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.*, 429 U.S. 477, 489 (1977)). The antitrust laws were intended to prevent harm to competition, not to individual competitors. *Am. Ad. Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1055 (9th Cir. 1999). Weisman does not allege harm to competition. Thus, he fails to state an antitrust claim.

Finally, as the Court previously explained, Weisman has alleged insufficient facts for the Court to make out any legal claim based on his incarceration. Dkt. No. 10 at 4.

In sum, the Court GRANTS Weisman's motion to submit a second amended complaint. Dkt. No. 13. But Weisman has failed to show cause why his case should not be dismissed without prejudice. Accordingly, the Court DISMISSES this case without prejudice and DIRECTS the Clerk of the Court to CLOSE this matter.

Dated this 10th day of November, 2025.

                                              Jamal N. Whitehead
                                              United States District Judge

ORDER - 3