UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WARREN LEE WEISMAN,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>RONALD LEE WYDEN et al.,<br><br>　　　　　　Defendant. | CASE NO. 2:25-cv-01966-JNW<br><br>ORDER ON MOTION FOR RECUSAL (DKT. NO. 16) |

　　　This matter comes before the Court on United States District Judge Jamal N. Whitehead's denial (Dkt. No. 17) of Plaintiff's motion for his recusal (Dkt. No. 16). Local Civil Rule 3(f) provides that "whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455" and the "challenged judge decides not to voluntarily recuse" himself, he must "direct the clerk to refer the motion to the chief judge." Plaintiff's motion for recusal seeks relief under § 144. (Dkt. No. 16 at 1.) Accordingly, this Court now reviews Judge Whitehead's decision not to recuse.

ORDER ON MOTION FOR RECUSAL (DKT. NO. 16) - 1

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry focused on the appearance of impartiality. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992). Recusal is also required in specific situations, including where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id*. Such bias or prejudice must derive from more than standard disagreements with court rulings. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

Plaintiff filed a proposed complaint on October 9, 2025, alleging that Defendants—which include various elected officials from Oregon—over a pattern of years "conspire[d] to abuse positions of public trust to obstruct formation of the Plaintiff's lawful private business based on science . . . while misallocating public money to inferior competitors based on fraudulent pseudoscience for personal gain." (Dkt. No. 1 at 1.) He filed a motion for leave to file *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)(1) on October 17 (Dkt. No. 4), which was granted by United States Magistrate Judge Brian A. Tsuchida on October 20 (Dkt. No. 5). Plaintiff subsequently re-filed his complaint the same day. (Dkt. No. 6.) On November 3, Judge Whitehead found that Plaintiff failed to state a claim on which relief may be granted after conducting an IFP review pursuant to 28 U.S.C. § 1915(e)(2)(B). (Dkt. No. 10 at 1.) Judge Whitehead granted Plaintiff leave to amend and ordered him to file an amended complaint by November 17. (*Id.*)

Plaintiff filed an amended complaint on November 3 (Dkt. No. 12) and a motion to amend his complaint on November 6, in which he asked that the two complaints be considered together (Dkt. No. 13). On November 10, Judge Whitehead granted Plaintiff's motion to submit

the second amended complaint and his request to consider them together, but found that even looking at both complaints, Plaintiff had failed to show why his complaint should not be dismissed without prejudice. (Dkt. No. 14 at 1.) Specifically, Judge Whitehead found that Plaintiff's copyright infringement claims were barred by the statute of limitations, Plaintiff failed to show an antitrust injury to state a claim under the Sherman Act, and Plaintiff "alleged insufficient facts for the Court to make out any legal claim based on his incarceration." (*Id.* at 1–2.) The court accordingly dismissed Plaintiff's complaint without prejudice and entered a corresponding judgment. (Dkt. Nos. 14 at 2; 15.) That same day Plaintiff filed a motion for recusal. (Dkt. No. 16.) Judge Whitehead denied Plaintiff's motion for recusal on November 14. (Dkt. No. 17.)

   Plaintiff argues Judge Whitehead "is seeking to avoid a jury trial of private taxpayers by dismissal [of the complaint] as frivolous." (Dkt. No. 16 at 2.) He dedicates the entire motion to expressing his disagreement with Judge Whitehead's assessment of the substantive allegations in the complaints. (*See generally id.* at 1–5.) However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not a sufficient cause for recusal.").

   Upon review, this Court agrees with Judge Whitehead's assessment that Plaintiff has "identified no actual bias or conflict of interest, only his own disagreement with the Court's decision." (Dkt. No. 17 at 2.) Instead, Plaintiff appears to take issue only with Judge Whitehead's conclusion that Plaintiff's complaint alleged insufficient facts to state a claim—in other words, the prior adverse ruling against him. *See Studley*, 783 F.2d at 939. This is insufficient for recusal. Plaintiff has not pointed to any evidence that a "reasonable person with

knowledge of all the facts would conclude that [Judge Whitehead]'s impartiality might reasonably be questioned" in this circumstance. *Yagman*, 987 F.2d at 626.

Accordingly, the Court AFFIRMS Judge Whitehead's denial (Dkt. No. 17) of Plaintiff's motion for recusal (Dkt. No. 16).

Dated this 19th day of November 2025.

David G. Estudillo
United States District Judge